(SRC)

RALPH J. MARRA, JR.
Acting United States Attorney
LEAH A. BYNON
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
Tel. 973-645-2736
Fax. 973-645-3210
email: LEAH.BYNON@usdoj.gov
LAB0321
(FLU:PM)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER LEMOS, <br><br> Defendant. | HON. ALFRED M. WOLIN <br><br> Criminal No. 94-406 <br><br> **ORDER FOR REMISSION OF FINE** |

This matter having been opened to the Court by Ralph J. Marra, Jr., Acting United States Attorney for the District of New Jersey (Leah A. Bynon, Assistant U.S. Attorney, appearing), and the Court having considered the Petition for Remission of Fine, and for good cause shown,

IT IS on this ___10___ day of ___Aug___, 2009,

ORDERED, that the balance of the fine imposed on July 18, 1995, in the amount of $2,000.00 is hereby remitted.

_____
ALFRED M. WOLIN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

R E C E I V E D SEP -8 1995

FILED JUL 18 1995 AT 8:30 ........... M WILLIAM T. WALSH CLERK

UNITED STATES OF AMERICA
vs.

ALEXANDER LEMOS
a/k/a JOSE ANTIGUA

JUDGMENT IN A CRIMINAL CASE

Case Number: 94-406-12

PATRICK MULLIN, ESQ.
Attorney's Name

**THE DEFENDANT:**

_X_ plead guilty to count(s) __ONE OF THE SUPERSEDING INFORMATION__.
___ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s) which involve the following offenses:

| TITLE SECTION | NATURE OF OFFENSE | DATE OF OFFENSE | COUNTS |
|---|---|---|---|
| 18:1952 | TRAVEL IN INTERSTATE COMMERCE W/INTENT TO PROMOTE DRUG TRAFFICKING | 4-22-94 | 1 |

The defendant is sentenced as provided in pages 2 through ____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.,

___ The defendant has been found not guilty on counts _____ and is discharged as to such count(s).

_X_ INDICTMENT 94-406 IS dismissed on the motion of the United States.
_X_ It is ordered that the defendant shall pay a special assessment of $ _50.00_ , for count(s) _____, which shall be due _X_ immediately ___ as follows:

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ███████
Defendant's Date of Birth: ███████

Defendant's Address:
270 LAFAYETTE STREET
PASSAIC, NJ

JULY 18, 1995
Date of Imposition of Sentence

Signature of Judicial Officer

ALFRED M. WOLIN, U.S.D.J.
Name & Title of Judicial Officer

DEFENDANT: LEMOS, ALEXANDER
CASE NUMBER: CR. 94-406-12

Judgment--Page ___ of ___

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of prisons to be imprisoned for a term of __60 MONTHS, THE MANDATORY MINIMUM__.

___ The court makes the following recommendations to the Bureau of Prisons:

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

___ at _____ a.m. on _____.
___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
___ before a.m/p.m. on _____.
___ as notified by the United States Marshal.
___ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____ Defendant delivered on _____ to _____, with a certified copy of this judgment.

_____
United States Marshal

By_____
Deputy Marshal

AO 245 S (Rev.4/90) Sheet 3 - Supervised Release

DEFENDANT: LEMOS, ALEXANDER
CASE NUMBER: 94-406-12

Judgment - Page ___ of ___

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  2 YEARS  .

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a conditions of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_X_ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

_X_ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

_X_ The defendant shall not possess a firearm or destructive device.

The defendant shall provide the Probation Office with full disclosure of financial records to include income tax returns, upon request of the Probation Office. The defendant shall cooperate with the probation officer in the investigation of financial dealings and provide truthful monthly statements of his income.

The defendant shall cooperate with the Immigration and Naturalization Service to resolve any problems with his status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of the Immigration and Naturalization Service. If deported, the defendant may not reenter the United States without the written permission of the Attorney General of the United States; upon reentry the defendant is to report within 48 hours to the nearest Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer with 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrest or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record of personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LEMOS, ALEXANDER
CASE NUMBER: CR. 94-406-12

Judgment-Page ___ of ___

## FINE

The defendant shall pay a fine of $ __2,000.00__. The fine includes any costs of incarceration and/or supervision.

___ This amount is the total of the fines imposed on individual counts, as follows:

___ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

___ The interest requirement is Waived.
___ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:

___ in full immediately.
___ in full not later than _____.
_____ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
__X__ in installments according to the following schedule of payments:
     AS DIRECTED BY THE PROBATION OFFICE.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.A. § 3614.

DEFENDANT: LEMOS, ALEXANDER
CASE NUMBER: CR. 94-406-12

Judgment - Page ____ of ____

## STATEMENT OF REASONS

__X__ The court adopts the factual findings and guideline application in the presentence report.

OR

___ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __33__

Criminal History Category: __I__

Imprisonment Range: _____ to __60__ months

Supervised Release Range: __2__ to __3__ years

Fine Range: $ __20,000__ to $ __2,000,000__

   __X__ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ __N/A__

   ____ Full restitution is not ordered for the following reason(s):

__X__ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

___ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons(s):

OR

The sentence departs from the guideline range

   ___ upon motion of the government, as a result of defendant's substantial assistance.

   ___ for the following reasons(s):